UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           Case No. 11-12724

CLAUDENIA R. BUFORD,                            HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1] (Doc. 9)**

**I. Introduction**

This is a student loan case. Plaintiff, the United States of America (the government) sued defendant, Claudenia R. Buford,[2] claiming that she defaulted on a government-guaranteed student loan. The government seeks a judgment in the amount of $207,64.59, representing the principle amount plus accrued interest as of January 26, 2012.

Before the Court is the government's motion for summary judgment. For the reasons that follow, the motion will be granted and the government shall submit a proposed judgment.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Defendant is proceeding pro se.

## II.  Background

In December 20, 2005, defendant signed a promissory note to secure a consolidation loan from the Department of Education.  The loan was disbursed in two payments, $75,471.35 and $62,945.01 with a 7.63 percent yearly interest rate.

In April 2009, defendant defaulted on the loan.  In June 2011, the government filed a complaint against the defendant seeking recovery on the note.

## III.  Legal Standard

Under Rule 56, summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit.  Hedrick, 355 F.3d at 451-52(citing Anderson, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir.2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir.2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  To meet this burden, the moving party need not produce

evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir.2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson, 477 U.S. 242, 252. Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir.1993); see also Anderson, 477 U.S. at 249-50.

## IV. Analysis

### A.

The government seeks summary judgment in its favor based on its claims that there are no genuine issues of material fact with respect to (1) the existence of the loan, (2) the amount that remains to be paid, or (3) defendant's obligation to pay it. To prevail on a claim of a defaulted student loan, the government must show that: (1) the defendant signed the note; (2) the government is the present holder of the note; and (3) the note is in default. See, e.g., U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).

Once the government establishes a prima facie case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation.  United States v. Johnson, No 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citations omitted).

**B.**

Here, the government says that the record establishes that on or about December 20, 2005, defendant signed a promissory note to secure a consolidation loan from the Department of Education.  The loan was consolidation of defendants' other federal loans.  The government has attached to its papers, the promissory note, and Certificate of Indebtedness, which it says conclusively shows that the government holds the rights to the note and that the loan is in default.

In response, defendant does not dispute that she applied for and was granted the loan or that the government is currently the holder of the loan.  Rather, she requests a hearing "as to the question of the balance and total of this debt."  However, as noted above, the government's exhibits, the promissory note and the Certificate of Indebtedness show the amount of the loan and defendant's repayment obligation. Defendant has not put forth any evidence to create a genuine issue of material fact concerning her obligation[3] or that she is entitled to a hearing.  By contrast, the government has met its burden to establish its claim against defendant.

---

[3]As noted in the government's reply, defendant failed to respond to requests for admission which were served on September 21, 2011.  Paragraph seven of the requests in particular states "Admit that there is now due and owing on the "Note" the amount of $197,447.15 as set forth in the Certificate of Indebtedness . . ."  That figure was based on the current principle and interest as of the date the complaint was filed.

## V. Conclusion

For the reasons stated above, the government's motion is GRANTED. The government shall submit a proposed judgment against defendant for the principal plus accrued interest.[4]

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: March 9, 2012

I hereby certify that a copy of the foregoing document was mailed to Claudenia R. Buford 21732 Colony Park Cir, Apt 208, Southfield, MI 48076 and the attorneys of record on this date, March 9, 2012, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160

---

[4] Of course, the parties are free to discuss repayment obligations independent of the judgment. The Court encourages the government to pursue such efforts.